UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

LUKE SPREADBOROUGH,

        Petitioner,

v.

J. DZURENDA, et al.,

        Respondents.

Case No. 2:18-cv-01974-RFB-CWH

ORDER

       This is a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not properly commenced this action by either paying the $5.00 filing fee or filing a complete application for leave to proceed *in forma pauperis*. On February 14, 2019, the Court entered an order directing petitioner to either file a complete pauper application or pay the filing fee within sixty days of the Court's order. The Court also directed petitioner to file an amended petition omitting the sensitive information in Exhibit C of the petition, and if he wished for Exhibit C to remain under seal in its entirety, to file it with a motion to seal. The Court warned petitioner that failure to do so would result in dismissal without prejudice.

       Petitioner has partially complied with the Court's order by filing an amended petition omitting the sensitive information in Exhibit C and moving to file Exhibit C under seal in its entirety. Petitioner has not, however, either paid the filing fee or submitted a complete pauper application. LSR 1-1 & 1-2. This action therefore remains improperly commenced. The Court will give petitioner one final opportunity to either pay the filing fee or submit a complete pauper application. Should he fail to timely do so, this action will be dismissed without prejudice and without further advance notice.

///

///

Having initially reviewed the petition, the Court will also order petitioner to show cause why the petition should not be dismissed with prejudice as untimely.[1]

Petitioner in this action challenges his state court judgment of conviction, pursuant to guilty plea, of eluding a police officer, DUI, ex-felon in possession of a firearm, and discharge of a firearm in Second Judicial District Court Case No. CR150321. (ECF No. 5 at 2). According to the state court records available online, of which the Court takes judicial notice, an amended judgment of conviction was entered on August 5, 2015, and petitioner did not pursue a direct appeal. *See* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=50875 (last accessed May 24, 2019). Petitioner's criminal case docket does not reflect entry of any other intervening judgment of conviction. *See* https://www.washoecourts.com/Query/CaseInformation/CR15-0321 (last accessed May 24, 2019).

On October 4, 2016, petitioner filed a petition for writ of habeas corpus in state court. *See* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=50875 (last accessed May 24, 2019). The state courts denied that petition as procedurally barred as it was filed after the expiration of the state statute of limitations. *See id.* Remittitur on the Nevada Court of Appeals' order in the state habeas matter issued on January 10, 2018. *See* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=42138 (last accessed May 24, 2019). Thereafter, petitioner filed his federal habeas petition on October 8, 2018. (ECF No. 4 at 1).

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

---

[1] The Court does not represent that the petition is otherwise free of deficiencies. Further screening of the petition will occur after petitioner has responded to the Court's order to show cause, if necessary.

Because petitioner did not file a direct appeal, his conviction became final, at the latest, on September 4, 2015, 30 days after entry of the amended judgment of conviction. The federal statute of limitations thus began to run the following day, on September 5, 2015, and absent a basis for tolling or other delayed accrual, expired a year later, on September 6, 2016.[2] The instant petition, filed on October 8, 2018, is therefore untimely on its face.[3] Petitioner must show cause why the petition should not be dismissed with prejudice as time-barred under § 2244(d).

In this regard, petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g.*, *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner further is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. *See* 28 U.S.C. § 2244(d)(1)(B), (C), (D) & (d)(2).[4]

---

[2] The final day of limitations period fell on the Labor Day weekend, which meant that petitioner had until the next court date -- Tuesday, September 6, 2016 – to file his federal petition.

[3] The Court recognizes that petitioner filed a state postconviction habeas petition, which in many cases will statutorily toll the federal statute of limitations pursuant to 28 U.S.C. § 2244(d)(2). However, the state petition was both filed after the expiration of the federal statute of limitations and was dismissed by the state courts as untimely. For both reasons, it likely did not toll the federal statute of limitations under § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (untimely state petition not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2)).

[4] Subparagraph (d) of § 2244 provides in full:

> (1) A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

3

Petitioner further is informed that if he seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc). In this regard, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 624, 623 (1998).

In accordance with the foregoing, IT IS THEREFORE ORDERED the petitioner shall either pay the $5.00 filing fee or file a complete application for leave to proceed in forma pauperis within thirty days of the date of this order. The Clerk of Court shall send petitioner two copies of the inmate pauper application and instructions for the same, along with two copies of this order. Petitioner shall make the necessary arrangements to have a copy of this order attached to any check for the filing fee.

IT IS FURTHER ORDERED that petitioner's motion to file Exhibit C under seal (ECF No. 6) is GRANTED. In accordance with the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), the Court finds that a compelling need to protect the privacy and/or personal identifying information of petitioner in Exhibit C outweighs the public interest in open access to court records. Exhibit C (ECF No. 6-1) is therefore considered properly filed under seal.

---

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

4

IT IS FURTHER ORDERED that petitioner shall SHOW CAUSE within thirty days of the date of this order why the action should not be dismissed as untimely. If petitioner does not timely respond to this order, the petition will be dismissed with prejudice without further advance notice. If petitioner responds but fails to show with specific, detailed and competent evidence why the petition should not be dismissed as untimely, the action will be dismissed with prejudice.

IT IS FURTHER ORDERED that all assertions of fact made by petitioner in response to this show cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

IT IS FURTHER ORDERED that, in responding to the Court's order to show cause, petitioner shall attach a copy of all written state court decisions pertaining to the judgment of conviction he challenges in this case, as required by this Court's § 2254 form.

IT IS SO ORDERED.

DATED this 28th day of May, 2019.

                                                                        RICHARD F. BOULWARE, II
                                                                        UNITED STATES DISTRICT JUDGE