# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LUKE SPREADBOROUGH,<br><br>                             Petitioner,<br>    v.<br><br>J. DZURENDA, et al.,<br><br>                            Respondents. | Case No. 2:18-cv-01974-RFB-DJA<br><br>**ORDER** |

       This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by *pro se* Petitioner Luke Spreadborough, a Nevada prisoner. Currently before the Court is Spreadborough's Response (ECF No. 15) to the Court's Order to Show Cause (ECF No. 7). For the reasons discussed below, the Court denies his request for stay and abeyance and dismisses his Amended Petition (ECF No. 5) ("federal petition").

       Spreadborough challenges a conviction and sentence imposed by the Second Judicial District Court for Washoe County ("state court").[1] He pleaded guilty to eluding a police officer, DUI, ex-felon in possession of a firearm, and discharge of a firearm. (Id. at 2.) According to the state court records available online, an amended judgment of conviction was entered on August 5, 2015, and no other intervening judgment has been entered. Spreadborough did not pursue a direct appeal.

       On October 4, 2016, Spreadborough filed a state petition for writ of habeas corpus ("state petition") seeking post-conviction relief. (ECF No. 15 at 6.) The state court denied that petition as procedurally barred because it was filed after the expiration of the state statute of limitations.

---

[1] State of Nevada v. Spreadborough, No. CR15-0321 (Nev. 2015), https://www.washoecourts.com/Query/CaseInformation/CR15-0321. This Court takes judicial notice of the proceedings in Petitioner's criminal and post-conviction cases in the state court and Nevada appellate courts. The docket records of the state court and Nevada appellate courts may be accessed by the public online at https://www.washoecourts.com/Query/DetailedCaseSearch and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

1  (Id. (citing NRS 34.726(1) (2015)) (petitions must be filed within one year after a state district
2  court enters the judgment of conviction or a state appellate court issues a remittitur).)

3  Spreadborough filed a state habeas appeal. (Id. at 6–8.) On appeal, Spreadborough argued
4  there was cause for the delay, he raised this issue before the state court in an affidavit, and the state
5  court erred in failing to consider the proffered cause. (Id. at 7.) He claimed "he had cause for the
6  delay because he attempted to file the petition prior to the one-year deadline, but was provided
7  with an incorrect mailing address for the Washoe County District Court and his documents were
8  subsequently lost in the mail." (Id.[2]) The Nevada Court of Appeals affirmed the state court's
9  denial of relief and held:

> To the extent Spreadborough's affidavit could be construed as a request to add a claim alleging cause for the delay, Spreadborough does not demonstrate the district court abused its discretion by failing to permit such a request. As Spreadborough did not properly allege cause for his delay before the district court, we decline to consider such a claim in the first instance.

13  (Id. at 7–8.) A remittitur issued on January 10, 2018.

14  Spreadborough initiated this federal habeas proceeding on October 8, 2018. (ECF No. 1-
15  1 at 1.) In May 2019, this Court ordered Spreadborough to show cause why his federal petition
16  should not be dismissed with prejudice as time-barred. (ECF No. 7.)

17  The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year
18  period of limitations for federal habeas petitions filed by state prisoners under 28 U.S.C. § 2254.
19  The one-year limitation period begins to run from the latest of four possible triggering dates, with
20  the most common being the date on which the petitioner's state court conviction became final (by
21  either the conclusion of direct appellate review or the expiration of time for seeking such review).
22  Id. § 2244(d)(1)(A). Statutory tolling of the one-year limitation occurs while a "properly filed"
23  state post-conviction proceeding or other collateral review is pending. Id. § 2244(d)(2). However,
24  an application for state post-conviction relief that violates the state statute of limitations is not
25  "properly filed" for purposes of § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 412–16 (2005).

---

[2] The original federal petition and amended petition repeat the same allegations regarding the untimeliness of the state petition. (ECF No. 1-1 at 3, 5; ECF No. 5 at 3, 6.)

1  Delayed accrual is available to a petitioner under § 2244(d)(1)(B) only if an alleged impediment to filing a federal petition "altogether prevented him from presenting his claims in *any* form, to *any* court." Ramirez v. Yates, 571 F.3d 993, 1001 (9th Cir. 2009) (emphasis in original).

The show cause order explained that, because Spreadborough did not file a direct appeal, his conviction became final on September 4, 2015, at the latest. (ECF No. 7 at 3.) Thus, under § 2244(d)(1)(A), the one-year statute of limitations began to run the following day. (Id.) Absent a basis for equitable tolling or other delayed accrual, the limitation period expired a year later on September 6, 2016.[3] (Id.) The Court noted that Spreadborough's state petition did not toll the statute of limitations pursuant to § 2244(d)(2) because it was dismissed by the state courts as untimely and it was filed after AEDPA's one-year limitation period had expired. (Id. at 3 n.3 (citing Pace, 544 U.S. at 410).) The Court determined that the federal petition is untimely on its face since he submitted it on October 8, 2018. (Id. at 3.) Accordingly, Spreadborough was ordered to show cause in writing why this action should not be dismissed with prejudice as untimely. (Id. at 5.) He was further ordered as follows:

> all assertions of fact made by petitioner in response to this show cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

(Id.)

In his response, Spreadborough acknowledges that his federal claims are untimely but does not attempt to show cause why his federal petition should not be dismissed under AEDPA. (See ECF No. 15 at 1-4.) Instead, he asks the Court to stay his federal petition while he returns to state court to present his cause argument there, as well as to exhaust all his claims. Because his state petition was untimely, he claims his federal petition is unexhausted. Spreadborough argues that

---

[3] The final day of limitations period fell on the Labor Day weekend, which meant that Petitioner had until the next court day—Tuesday, September 6, 2016—to file his federal petition.

1  the state court did not have a fair opportunity to determine whether there is good cause to excuse
2  his untimeliness, and good cause exists to allow him to return to the state court because there is no
3  finding of whether he was prevented from timely filing his state petition.

4        Spreadborough's response incorrectly combines the concepts of exhaustion, timeliness,
5  and procedural bar.  To exhaust state remedies, a petitioner must present the substance of his
6  constitutional claim to the state courts.  Picard v. Connor, 404 U.S. 270, 278 (1971).  A petitioner
7  commits a procedural default when he fails to comply with a state procedural rule.  Wells v. Maass,
8  28 F.3d 1005, 1008 (9th Cir. 1994).  If a petitioner has procedurally defaulted on a claim in the
9  state courts, then exhaustion is satisfied because no remaining state remedy exists.  Coleman v.
10 Thompson, 501 U.S. 722, 732 (1991).  Nevada's procedural rules include a one-year statute of
11 limitations to file a petition for post-conviction relief, unless the petitioner shows good cause, *i.e.*,
12 the delay is not the petitioner's fault, and undue prejudice.  NRS 34.726(1)(a)-(b).  When a state
13 petition is untimely, state courts routinely hold that the petitioner's claims are procedurally barred,
14 and therefore precluded from a merits review.  Harris v. Reed, 489 U.S. 255, 263 (1989).

15       Here, Spreadborough's federal petition alleges that each of his claims were raised before
16 the state court and Nevada Court of Appeals.  The appellate court clearly held that the state petition
17 was procedurally barred because it was not timely filed.  Thus, his claims *are* exhausted.  The stay
18 and abeyance procedure set forth in Rhines v. Weber is "available only in limited circumstances"
19 to allow a petitioner to exhaust his claims. 544 U.S. 269, 277 (2005).  A stay is not available where
20 a petitioner's claims are already technically exhausted.

21       More importantly, a stay would be futile because, regardless of the outcome in state court,
22 the federal petition is subject to dismissal as untimely.  Although the response does not expressly
23 argue for equitable tolling under AEDPA, Spreadborough asserts that he may have a "legitimate
24 impediment external to the defense" to excuse the late filing of the state petition. (ECF No. 15
25 at 3.)  To the extent Spreadborough would claim entitlement to delayed accrual or equitable tolling
26 of AEDPA's one-year limitation based on the facts he wants to present in state court, the Court
27 concludes that those facts do not save his federal petition.

28

The Supreme Court has held that AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). However, equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649 (quoting Pace, 544 U.S. at 418). A petitioner "must show that some external force caused his untimeliness, rather than mere oversight, miscalculation or negligence." Velasquez v. Kirkland, 639 F.3d 964, 969 (9th Cir. 2011) (internal quotation omitted). Accordingly, he must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. E.g., Bryant v. Arizona Att. Gen., 499 F.3d 1056, 1061 (9th Cir. 2007) (untimeliness must be "caused by an external impediment and not by [petitioner's] own lack of diligence"); see Lott v. Mueller, 304 F.3d 918, 922–23 (9th Cir. 2002) (court must examine whether, notwithstanding extraordinary circumstances, the petitioner could have filed a timely petition). The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is "unavailable in most cases," Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation and citation omitted).

The Ninth Circuit has "adopted the 'stop clock' approach to analyzing claims for equitable tolling. "[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891–92 (9th Cir. 2014)).

Spreadborough asserts that he mailed his state petition before the expiration of the state statute of limitations, but he mailed it to a P.O. box address provided by the Southern Desert Correctional Center law library supervisor that, unbeknownst to Spreadborough, was no longer operating. (ECF No. 5 at 3, 6.) Spreadborough indicates that he first mailed his state petition on December 24, 2015. (Id. at 1, 3.) However, this statement is contradicted by his sworn affidavit

1  declaring that he started drafting his state petition in December 2015 and mailed it in March 2016.
2  (Id. at 51–52.) Additionally, he submitted a copy of a "brass slip," noting that NDOC charged him
3  for postage "on the actual date I sent my [petition] to be filed": March 10, 2016. (Id. at 58.) A
4  copy of his inmate account statement for April 2016 shows one deduction for "legal copies and
5  postage." (Id. at 59.) Spreadborough asserts that the deduction was for the state petition mailed
6  the previous month. (Id.) The evidence of mailing Spreadborough presents shows a substantial
7  mailing on March 10, 2016, not December 24, 2015. As such, the evidence establishes that
8  Spreadborough first mailed his state petition on March 10, 2016.

9  It was not until sometime in August or September 2016, that Spreadborough received
10 notice that the state court's P.O. box was closed, after he sent a request for an update and it was
11 returned to sender. (Id. at 54.) On September 26, 2016, Spreadborough again mailed his state
12 petition, this time to the state court's physical address, and the petition was received and filed by
13 that court on October 4, 2016.[4] (Id. at 3). By this time, the statute of limitations had expired and
14 the state petition was too late.

15 Assuming that equitable tolling could apply under these circumstances, which the Court
16 does not decide, at most it would trigger equitable tolling from March 10, 2016, until – at the very
17 latest – January 10, 2018, the date of issuance of remittitur in the state post-conviction proceedings.
18 Even then, the federal petition would still be untimely. On the facts as presented, Spreadborough
19 mailed his state petition approximately six months after his conviction became final, and 188 days
20 elapsed during this period. Assuming *arguendo* that AEDPA's statute of limitations was tolled
21 while it otherwise would have been running during the pendency of Spreadborough's state petition
22 (either by equitable tolling or delayed accrual), his federal petition would have been due 177 days
23 after the remittitur issued: July 6, 2019. However, he filed the federal petition 271 days later,

---

[4] Notably, "Nevada does not recognize a 'prison mailbox rule' for post-conviction petitions." Koerner v. Grigas, 328 F.3d 1039, 1043 n.1 (9th Cir. 2003) (citing Gonzales v. State, 53 P.3d 901, 903–04 (Nev. 2002) (en banc) (per curiam)); Orpiada v. McDaniel, 750 F.3d 1086, 1090 (9th Cir. 2014) (noting that "Nevada has expressly rejected the mailbox rule"). Because the state court did not receive and file-stamp the state petition until October 4, 2016, evidence of the first mailing on March 10, 2016, would not bypass the requirement to show good cause pursuant to NRS 34.726(1).

nearly nine months after issuance of a remittitur in the state proceedings, or 94 days past a tolled limitation period.[5] (ECF No. 1-1 at 1 (noting the date of mailing of the federal petition as October 8, 2018).) Spreadborough provides no explanation for the delay after the appellate proceeding ended. Therefore, even if equitable tolling was warranted during the pendency of Spreadborough's state proceedings, he failed to file his federal petition within the 365-day AEDPA statute of limitations as more than fifteen months elapsed before he filed his federal petition.

In sum, Spreadborough's response fails to demonstrate that extraordinary circumstances stood in his way and prevented a timely federal filing. Nor has he demonstrated that further factual development adding further detail potentially would lead to a different conclusion. He was instructed to address the circumstances that stood in the way of and prevented him from filing a timely *federal* petition. None of the circumstances he relies upon regarding the untimeliness of his *state* petition stood in the way of his timely filing a *federal* petition. Spreadborough has argued no other basis for equitable tolling or delayed accrual. And none otherwise being apparent on the record, the federal petition is untimely and must be dismissed.

**IT IS THEREFORE ORDERED:**

1. Petitioner Luke Spreadborough's request for stay and abeyance is DENIED.

2. The Amended Petition (ECF No. 5) is DISMISSED with prejudice as time-barred.

3. A Certificate of Appealability is DENIED as jurists of reason would not find the Court's dismissal of the amended petition as time-barred to be debatable or wrong.

4. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court will add Nevada Attorney General Aaron D. Ford as counsel for Respondents and informally serve the Nevada Attorney General by directing a notice of electronic filing of this order to his office. No response is required from Respondents other than to respond to any orders of a reviewing court.

---

[5] The Court notes that the result would be the same using the unsupported December 24, 2015 date Spreadborough provides in the federal petition. Using that date, 111 days elapsed between the date his conviction became final and the purported date of mailing. Assuming Spreadborough's circumstances warranted equitable tolling, his federal petition would have been due 254 days after the remittitur was issued: September 21, 2018. The federal petition was mailed over two weeks later on October 8, 2018.

7

5. The Clerk of Court is further directed to enter final judgment accordingly, dismissing this action with prejudice, and close this case.

DATED this 17th day of June, 2020.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE